IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERTSON'S LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KLEEN-SWEEP JANITORIAL COMPANY, INC., a Tennessee Corporation,<br><br>　　　　Defendant.<br>_____ | Civ. No. 09-263-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a Defendant's Motion to dismiss based on a lack of personal jurisdiction (Docket No. 4). The Court heard oral argument on the motion on October 26, 2009, and now issues the following decision.

## BACKGROUND

Plaintiff Albertson's LLC ("Albertson's") is a Delaware limited liability

**Memorandum Decision & Order – page 1**

company[1] with its principle place of business in Boise, Idaho.  Defendant Kleen-Sweep Janitorial Company, Inc. ("Kleen-Sweep") is a Tennessee company with its principal place of business in Cardova, Tennessee.  Kleen-Sweep does not maintain an office or employ any workers in the state of Idaho.

On December 13, 2002, Albertson's issued a Request for Proposal ("RFP") soliciting bids from janitorial companies to provide janitorial services at certain Alberton's stores in Florida.  According to sections 1.1 and 2.2 of the RFP, Albertson's is headquartered in Boise, Idaho, and Albertson's single point of contact for the RFP was Mr. Sugihara in Boise, Idaho.  Mr. Sugihara's contact information on the RFP included his work address, email, and fax number.  According to section 2.6 of the RFP, responding companies could submit their bid by email to Mr. Sugihara.  Section 1.5 of the RFP made clear that a submitted bid represented a firm offer to contract.

After receiving the RFP, Kleen-Sweep submitted its bid via email.  Albertson's also received timely bids from eleven other janitorial companies.  Ultimately, Albertson's awarded Kleen-Sweep the contract.  On May 27, 2003, Albertson's and Kleen-Sweep entered into a three-year agreement (the

---

[1] In June 2006, Albertson's, Inc. converted from a Delaware corporation to a Delaware limited liability company called Albertson's LLC.  This opinion refers to both Albertson's, Inc. and Albertson's LLC as "Albertson's."

**Memorandum Decision & Order – page 2**

"Agreement").

The parties agreed to incorporate the RFP and Kleen-Sweep's bid into the Agreement. Additionally, according to Section 7 of the Agreement, Kleen-Sweep was required to send invoices to Albertson's headquarters in Idaho on a weekly basis. At Section 12, the Agreement also required notices and other communication be sent to Albertson's headquarters in Idaho. Kleen-Sweep's annual certificates of insurance were likewise sent to Albertson's headquarters. Section 24 of the Agreement explains that the parties agreed that the Agreement would be construed in accordance with Florida law. Finally, according to Section 3.0 of the RFP, Kleen-Sweep was subject to performance reviews at a site chosen by Albertson's, and in May 2005, Albertson's invited Jason Combs, Kleen-Sweep's President, to travel to Idaho for a performance review. Mr. Combs' visit to Idaho represents the only time a Kleen-Sweep employee or representative visited Idaho.

## ANALYSIS

### I.      Standard of Review and Applicable Legal Standards

In the context of Kleen-Sweep's motion to dismiss under Fed. R. Civ. P. 12(b)(2), Albertson's bears the burden of proving that jurisdiction is appropriate. *See Boschetto v. Hansing*, 539 F.3d 1011. 1015 (9th Cir. 2008); *see also*

**Memorandum Decision & Order – page 3**

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 1990). Where, as here, the motion is based on written materials rather than an evidentiary hearing, Albertson's need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *See Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995).

The Court must take Albertson's uncontroverted allegations in the complaint as true and resolve factual disputes in affidavits in its favor. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). However, where Kleen-Sweep offers evidence in support of its motion, Albertson's may not simply rest on the bare allegations of its complaint. *See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Instead, Albertson's must come forward with facts, by affidavit or otherwise, in response to Kleen-Sweep's version of the facts. *See Id*.

Where there is no applicable federal statute governing personal jurisdiction, such as in the instant case, the law of the state in which the district court sits applies. *See Schwarzenegger*, 374 F.3d at 800. Because Idaho's long-arm statute, codified in Idaho Code § 5-514, allows a broader application of personal jurisdiction than the Due Process Clause, the Court need look only to the Due

**Memorandum Decision & Order – page 4**

Process Clause to determine personal jurisdiciton.[2]  Thus, under Idaho law, the jurisdictional analysis and federal due process analysis are one and the same.

The exercise of personal jurisdiction over a defendant comports with federal due process only if the defendant "has certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). In turn, sufficient minimum contacts can give rise to general jurisdiction or specific jurisdiction.  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). General jurisdiction applies if the defendant's activities in the forum "are substantial,

---

[2] In *Lake v. Lake*, 817 F.2d 1416, 1420 (9th cir. 1987), the 9th Circuit determined that the Idaho legislature, in adopting I.C. § 5-514, "intended to exercise all the jurisdiction available to the State of Idaho under the Due Process Clause of the United States Constitution."  *Lake*, 817 F.2d at 1420. The Idaho Supreme Court had so held, and continued to so hold for a few years after the *Lake* decision was rendered.  *Houghland Farms v. Johnson*, 803 P.2d 978 (Idaho 1990). More recently, however, the Idaho Supreme Court has, without commenting on this precedent, instituted a two-part test for resolving long-arm jurisdiction questions. The Court first looks at whether the defendant's conduct falls within the terms of the statute, and then looks to see whether exercising jurisdiction would comport with the Due Process Clause.  In two cases, the Idaho Supreme Court has held that the defendant's conduct did fall within I.C. § 5-514, but that jurisdiction could not be exercised consistently with the Due Process Clause.  *See e.g., Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997); *Saint Alphonsus v. State of Washington*, 852 P.2d 491 (Idaho 1993).  These decisions imply that I.C. § 5-514 reaches beyond the limits of due process, and that the Idaho Supreme Court must use the Due Process Clause to rein in the statute's grasp. Thus, the interpretation of I.C. § 5-514 in *Lake* appears no longer accurate.  The result, however, is the same – the Due Process Clause sets the limit, but the Idaho Supreme Court's new two-part test recognizes that the reach of the statute is not identical with the reach of the Due Process Clause.

**Memorandum Decision & Order – page 5**

continuous and systematic," whereas specific jurisdiction applies if a defendant's "less substantial contacts with the forum give rise to the cause of action before the court." *Id.*

## II.  Kleen-Sweep's Motion to Dismiss

In this case, Albertson's does not contend that Kleen-Sweep's contacts with Idaho are so pervasive as to satisfy the requirements of general jurisdiction. However it does argue that Kleen-Sweep contacts with Idaho in connection with this transaction are sufficient to satisfy the requirements of specific jurisdiction. The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc.*, 433 F.3d at 1205-06 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  Albertson's bears the burden of satisfying the first two prongs of the test.  *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  If Albertson's succeeds in satisfying both of the first two

**Memorandum Decision & Order – page 6**

prongs, the burden then shifts to Kleen-Sweep to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *See Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).

### A. Purposeful Availment

The first prong of the specific-jurisdiction test includes both purposeful direction and purposeful availment. Purposeful direction generally applies to tort cases, in which a court applies an effects test focusing on the forum where the defendant's actions were felt, whether or not the actions themselves occurred within that forum. *Id.* at 1206 (citing *Schwarzenegger*, 374 F.3d at 803). In contrast, purposeful availment typically applies to contract cases, in which a court examines whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummate[s][a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802) (alterations in original). This case primarily involves a contract and therefore a purposeful-availment analysis is appropriate.

A contract between a resident of the forum state and a non-resident does not automatically establish purposeful availment. *Unocal Corp.*, 248 F.3d at 924 (citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 n.9 (9th Cir. 1988)). Likewise, a choice-of-law provision standing alone is "insufficient to confer

**Memorandum Decision & Order – page 7**

jurisdiction." *Burger King*, 471 U.S. at 482.  Rather, prior negotiations, contemplated future consequences, the terms of the contract, and the parties actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum.  *Id.* at 479.  This evaluation ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of unilateral activity of the other party or a third person.  *Unocal Corp.*, 248 F.3d at 924.

    In this case, Kleen-Sweep's single contact during the contract process occurred when it submitted its response to the RFP to Mr. Sugihara via email.  Nonetheless, a lack of contacts with the forum state during the contracting process is not dispositive.  *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986) (finding that defendant was subject to personal jurisdiction in Montana where contract negotiations took place in Nebraska, but contract expressly required that plaintiff deliver product in Montana).

    Furthermore, although Kleen-Sweep did not craft the terms of the Agreement, Kleen-Sweep voluntarily elected to become a party to it.  Therefore, if sufficient contacts arise from "the terms of the contract and the parties' actual course of dealing," Kleen-Sweep cannot claim that these contacts are "random" or "fortuitous" or result from the "unilateral activity of another party."  *Burger King*,

**Memorandum Decision & Order – page 8**

471 U.S. at 480.

Kleen-Sweep's contacts with Idaho reveal that the purposeful availment prong of the specific jurisdiction test is satisfied.  The RFP, which became part of the Agreement, states that Albertson's is based in Boise, Idaho.  It also directs all communication to Mr. Sugihara's Idaho address.  Further, the terms of the Agreement do not envision a "one-shot affair" like the sale of a single item to an out-of-state buyer.  *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996)).  Instead, the terms create continuing obligations between Kleen-Sweep and Albertsons's, which is a resident of the forum.  *See Yahoo! Inc.*, 433 F.3d at 1129.

Specifically, the Agreement provides that Kleen-Sweep shall send invoices, notices and/or communications, and certificates of insurance to Idaho.  In fact, since the Agreement was signed in 2003, Kleen-Sweep has submitted over three hundred invoices and has also submitted annual certificates of insurance to Albertson's headquarters in Idaho.  (Baine Aff., ¶¶ 8 and 10).  Thus, although Kleen-Sweep performed the bulk of its contractual obligations in Florida, it nevertheless had extensive contact with Albertson's headquarters in Idaho, and fulfilled some of its obligations by directing invoices and certificates of insurance to Albertson's Idaho offices.  Moreover, Albertson's performed the bulk of its

**Memorandum Decision & Order – page 9**

contractual obligations in Idaho.

Additionally, Section 3.0 of the RFP requires that Kleen-Sweep participate in performance reviews at a site chosen by Albertson's. In line with this requirement, in May 2005, Albertson's required a performance review held in Boise, Idaho. The President of Kleen-Sweep, Jason Combs, traveled to Idaho and met with Albertson's staff. Although this single visit alone may not represent purposeful availment, when coupled with the other continuing obligations, the totality of the circumstances supports a finding of purposeful availment by Kleen-Sweep.

Kleen-Sweep contends that *Sher v. Johnson*, 911 F.2d 1357, 1362-64, (9th Cir 1990) supports the opposite conclusion. However, the Court finds the present case distinguishable from *Sher*. In *Sher*, the district court dismissed, for lack of personal jurisdiction, a legal malpractice suit brought by a California resident against a Florida law firm. The client had contacted the law firm at its Florida office to request its services, and the legal representation was provided exclusively in a Florida criminal proceeding. However, the law firm accepted payment from a California bank, made phone calls and sent letters to its client in California, and one of its partners made three trips to California to confer with the client. In dicta, Chief Judge Kozinski, indicated that if the inquiry stopped there, the court would

**Memorandum Decision & Order – page 10**

not have found purposeful availment.  However, the partnership had done more.  It had required that the client secure its obligation to pay fees with a deed of trust on property located in California.  The granting of that deed of trust, when considered in conjunction with the law firm's other contacts with its client in California, were sufficient to constitute purposeful availment.

Kleen-Sweep argues, persuasively, that what we have here are the facts presented in *Sher*, but without the critical factor – the acceptance of a security interest in California property – which the court found necessary to find purposeful availment.  However, there are two other important factors which distinguish this case from *Sher*.  First, the client in *Sher* solicited legal services from the Florida law firm by contacting it at its Florida office.  By contrast, Kleen-Sweep, responding to a Request for Proposal issued to cleaning companies throughout the United States, submitted its proposal to Albertson's at its Boise, Idaho headquarters.  Second, and more significantly, the Agreement contemplated the creation of a long-term relationship between Albertson's and Kleen-Sweep.  In *Sher*, the court found it significant that "the partnership did not engage in an ongoing employer-employee relationship; Sher hired the partnership to represent him in one case.  The contract here did not contemplate the extensive future consequences typical of employment relationships." *Id.* at 1363, n.3.  In contrast,

**Memorandum Decision & Order – page 11**

Kleen-Sweep performed duties under the Agreement for over six years by performing daily services for Albertson's, transmitting weekly invoices to Albertson's headquarters, delivering yearly certificates of insurance to Albertson's headquarters, and traveling to Albertson's headquarters for a performance review. (Baine Aff., ¶¶ 8, 10, and 11). Thus, unlike the one-shot affair in *Sher*, Albertson's and Kleen-Sweep's contract and performance epitomize the type of case involving a continuing business obligation. *See e.g., T.M. Hylwa, M.D., Inc. V. Palka*, 823 F.2d 310, 314-315 (9th Cir 1987) (finding California had jurisdiction over a Kansas accountant when accountant had: worked for the California doctor for years, performed year-round services for the doctor's California business, and traveled to California once a year to work on the doctor's books). Accordingly, the Court finds that Kleen-Sweep purposefully availed itself of the privilege of conducting business in Idaho.

    **B.    Relatedness**

The second prong of the test asks whether the claim is one which arises out of or relates to the defendant's forum-related activities. "[A] single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state." *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) (citing *Yahoo! Inc.*, 433 F.3d at 1210) (internal

**Memorandum Decision & Order – page 12**

quotation marks omitted).

Here, Kleen-Sweep purposefully availed itself of the privilege of conducting activities in Idaho by entering into the Agreement with Albertson's. Because Albertson's alleges that Kleen-Sweep has breached the Agreement, Albertson's cause of action arises from Kleen-Sweep's purposeful contact with the forum. *See, e.g., Hirsch v. Blue Cross, Blue Shield of Kan. City*, 800 F.2d 1474, 1480-81 (9th Cir. 1986) (Contract constituted defendant's contacts with forum state for purposes of relatedness element of the limited jurisdiction test.). Accordingly, the second prong of the specific jurisdiction test is also satisfied.

### C. Reasonableness

Finally, Because Albertson's has satisfied the first two prongs of the test for specific jurisdiction, the burden shifts to Kleen-Sweep "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1060 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). To determine the reasonableness of exercising jurisdiction over a defendant, the court considers the following factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy;

**Memorandum Decision & Order – page 13**

>   (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).

In this case, Kleen-Sweep made no real effort to present a compelling case that the exercise of jurisdiction would not be reasonable. Therefore, the Court will only briefly address each of the factors mentioned above.

As to the first factor, some cases in the Ninth Circuit "have suggested that once the minimum contacts threshold is met the degree of intrusion into the forum becomes irrelevant." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993) (citing *Corporate Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 787 (9th Cir. 1987)). Nonetheless, other cases provide that "[e]ven if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness." *Core-Vent Corp.*, 11 F.3d at 1488 (9th Cir. 1993) (quoting *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981)) (alterations in original).

In this case, Kleen-Sweep's contacts with the state of Idaho appear limited to the Agreement and contacts with Albertson's in order to perform under the Agreement. Outside its business relationship with Albertson's, Kleen-Sweep does

**Memorandum Decision & Order – page 14**

not conduct or transact any business within the state of Idaho.  However, Kleen-Sweep has had purposeful continuous contacts with Albertson's, a business headquartered in the state of Idaho, for over six years.  Thus, the first factor weighs in favor of exercising personal jurisdiction over Kleen-Sweep.

Regarding the second factor, the Court acknowledges that Kleen-Sweep, as a Tennessee corporation, may be burdened by litigating this case in Idaho.  However, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *Menken*, 503 F.3d at 1062 (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).  Indeed, the Ninth Circuit provides that even where a defendant must travel from a foreign country, "this factor is not dispositive" as to the reasonableness of exercising personal jurisdiction.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1115 (9th Cir. 2002) (citing *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988)).  Therefore, although this factor in Kleen-Sweep's favor, the Court does not find it very persuasive.

As for the third factor, there is no conflict with the sovereignty of Tennessee, since the suit would otherwise have been filed in Florida rather than Tennessee.

The fourth factor weighs heavily in favor of exercising personal jurisdiction over Kleen-Sweep because even in a "simple breach of contact claim ... Idaho has a

**Memorandum Decision & Order – page 15**

strong interest in providing effective redress for its corporate residents." *Wachovia Trust Co. v. Amin*, No. 04-625, 2005 WL 1593648, at *6 (D. Idaho July 7, 2005).

With respect to the fifth and sixth factors, virtually all of the documents and most of the witnesses that Albertson's will use to prove the case against Kleen-Sweep are located in Idaho. Kleen-Sweep does not mention and the Court is not aware of the location of Kleen-Sweep's evidence and witnesses. Thus, the District of Idaho is advantageous in providing "the most efficient judicial resolution of the controversy" and Albertson's "interest in convenient and effective relief." *Menken*, 503 F.3d at 1060 (internal quotes omitted). Therefore, factors five and six weigh in favor of exercising personal jurisdiction over Kleen-Sweep.

Regarding the final reasonableness-factor, although not raised by Kleen-Sweep, the Court finds that an alternative forum, Florida, may exist to adjudicate the dispute. Therefore, this factor weighs against exercising personal jurisdiction over Kleen-Sweep. *See CE Distrib.*, 380 F.3d at 1112. However, like factor one, this factor carries little weight.

Ultimately, although a few of the foregoing factors may favor Kleen-Sweep, the more compelling factors favor Albertson's. Thus, the Court concludes that Kleen-Sweep has not presented a "compelling case" that the exercise of personal jurisdiction over it would be unreasonable. *See Panavision Int'l, L.P. v. Toeppen,*

**Memorandum Decision & Order – page 16**

141 F.3d 1316, 1324 (9th Cir. 1998) (Although some factors weigh in defendant's favor, defendant failed to present compelling case that the court's exercise of jurisdiction would be unreasonable.).  Indeed, "[t]he only case in which the Supreme Court has held that these factors determined the question of personal jurisdiction was in a suit between two foreign corporations in which the Court divided evenly over whether the minimum contacts were sufficient." *Menken*, 503 F.3d at 1063 n. 1 (9th Cir. 2007) (Bybee, J., concurring) (*citing Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 107 (1987)).  Accordingly, the Court will deny Kleen-Sweep's motion to dismiss for lack of personal jurisdiction.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 4) shall be, and the same is hereby, DENIED.

DATED:  **November 9, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 17**